IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| SOLOMON HESS LLC, D/B/A SOLOMON HESS CAPITAL MANAGEMENT, Plaintiff, | * * * * * * * * * * | Civil Action No. 11-cv-03350-AW |
| v. |  |  |
| CECIL BANK, Defendant. |  |  |

*****************************************************************************

## Memorandum Opinion

Pending before the Court is Defendant Cecil Bank's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party. Doc. No. 8. The Court has reviewed the documents filed by the Parties and finds no hearing is necessary. *See* Loc. R. 105(6) (D. Md. 2010). For the reasons articulated below, the Court DENIES Defendant's Motion to Dismiss.

### I.      Factual and Procedural Background

The following facts are drawn from the Complaint and viewed in a light most favorable to Plaintiff. This lawsuit arises from a breach of contract by Defendant to sell a "7(a) Loan", or a loan that is guaranteed by the U.S. Small Business Administration. Compl. ¶¶ 5-7. Plaintiff, a limited liability company, bid on the loan through an intermediary, Baines Capital Management. *Id.* ¶¶ 5, 10. On or around July 20, 2011, Plaintiff's agent was informed by Defendant's agent that Plaintiff's bid was accepted. *Id.* ¶ 13. However, on September 27, 2011, Plaintiff's agent was told by Defendant's agent that the sale to Plaintiff was cancelled because the underlying

loan transaction had "blown up," and there was no longer any loan to acquire. *Id.* ¶ 15. Thereafter, Plaintiff learned that Defendant had in fact placed the guaranteed loan for sale to a new party, for a substantially higher premium than that paid by Plaintiff. *Id.* ¶¶ 17-18. Plaintiff contacted Defendant directly and demanded that Defendant perform on the contract with Plaintiff, which Defendant refused. *Id.* ¶¶ 19-20.

On November 21, 2011, Plaintiff brought this suit for breach of contract against Defendant. *See id.* Plaintiff alleges that Banes Capital Management ("Banes"), the intermediary through which Plaintiff purchased the loan from Defendant, has assigned all right, title and interest in the subject transaction to Plaintiff. *Id.* ¶ 23. On December 22, Defendant brought the present Motion to Dismiss for Failure to Join a Necessary Party pursuant to Federal Rule of Civil Procedure 12(b)(7). Doc. No. 8. Defendant contends that it dealt solely with Banes, the intermediary, throughout the existence of the alleged contract, and that it was unaware of Plaintiff's identity or existence until Plaintiff made a demand on the contract just prior to initiating suit. Defendant contends that Plaintiff's mere allegation that Banes assigned to Plaintiff "all right, title and interest in the subject transaction" is insufficient to substantiate the validity of the assignment, and that Banes must be joined as a necessary party to ensure that Defendant will not be subjected to double, multiple, or otherwise inconsistent obligations.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(7) provides that a party may move to dismiss based on "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Federal Rule of Civil Procedure 19(a) requires that parties be joined in several instances, including when a party's absence would (1) deny existing parties "complete relief;" (2) result in an impaired

ability of the absent party to protect their interest; or (3) subject an existing party to multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1). The burden of proof rests on the party who raises the defense, to show that the absent person is needed pursuant to Rule 19. *American Gen. Life and Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (2005) (citation omitted). If a Court finds that joinder is necessary, it must order that the person be made a party or otherwise consider dismissing the action if the necessary party cannot be joined. Fed. R. Civ. P. 19(a)(2), (b).

### III.    Analysis

Defendant asserts that joinder is necessary in this case to avoid the risk of multiple litigation Defendant may face if Banes did not in fact assign "all right, title and interest in the subject transaction" to Plaintiff, or if the terms of the assignment are not so expansive as to include Plaintiff's present claim. Defendant contends that it did not contract with Plaintiff and had no knowledge of Plaintiff until after it had informed Banes that the contract was cancelled, and that Plaintiff's mere allegation of the assignment, without more, is insufficient to protect Defendant.

It is certainly true that "[w]hen the validity of the assignment itself is at issue the assignor's joinder may be required." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1613 (3d ed. 2005). Defendant points to several cases in which it contends that the court required proof of an assignment from the non-moving party prior to determining that joinder was unnecessary. *See*, *e.g.*, *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 51 (D.D.C. 2003). However, closer inspection reveals that the courts considering this issue largely relied upon the allegations of the non-moving party that an assignment existed,

at least at the pre-discovery stage of litigation. *See*, *e.g.*, *Primax*, 260 F. Supp. at 51 n.7 ("the Court will not consider the documents submitted by plaintiff in support of its claim of assignment … . Instead, the Court will rely only on plaintiff's statement that it can provide such evidence in support of its allegations.").

In the instant action, Plaintiff has made clear in its briefings that it intends to "supply the [assignment] document pursuant to standard discovery obligations under Fed. R. Civ. P. 26." Given that Plaintiff has alleged in no uncertain terms that Banes "assigned all right, title and interest in the subject transaction to plaintiff," and that Defendant has provided no evidence to the contrary, the Court finds that Defendant has not met its burden of proof to show that such assignment has not in fact occurred and that joinder of Banes is necessary. If Plaintiff is unable to provide proof of the assignment pursuant to Rule 26 during the discovery process, Defendant may certainly revive its motion at that time.

## IV.   Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss for Failure to Join a Necessary Party is denied. A separate Order will follow.

  January 24, 2012                                                /s/
      Date                                         Alexander Williams, Jr.
                                                   United States District Judge